IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | No. 03-CR-40061-MJR |
| GWENDOLYN WOLITSKI, | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

REAGAN, District Judge:

On April 30, 2004, Gwendolyn Wolitski was sentenced (by Judge James L. Foreman) to concurrent terms of 120 months in prison on Count 1 and 108 months on Counts 2, 3, 4 and 8 of an indictment charging her with conspiracy to distribute and possess with intent to distribute "Crack Cocaine," and possession and distribution of "Crack Cocaine." On March 19, 2011, Defendant Wolitski filed a pro se motion requesting the appointment of counsel and seeking to reduce her sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010) (Doc. 102). That Act requires the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

Attorney Todd M. Schultz of The Federal Public Defender's Office entered his appearance to represent Defendant Wolitski on the motion in mid September 2011 (Doc. 103). However, on November 18, 2011, Mr. Schultz moved to withdraw from the case, having

1

"determined that the Defendant has no meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 116). According to Schultz (Doc. 116, pp. 1-2):

> 4. On April 26, 2004, the Court sentenced the Defendant to a mandatory minimum sentence of 120 months in prison on Count 1. Consequently, her guideline range does not change as a result of the application of Amendment 750.
>
> 5. Because the Defendant's guideline range remains unchanged, she is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A); *United States v. Simpson*, 337 F.3d 905, 909 (7th Cir. 2003); *United States v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009).
>
> 6. United States Probation Officer Linda Fletcher has also concluded that the Defendant is ineligible for a reduction because she received a statutory mandatory minimum sentence.

Simply put, Schultz asks the Court to let him out of the case because (a) his research discloses that Wolitski is *not eligible* for the reduction at issue, and (b) Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

Defendant Wolitski was given until December 9, 2011, to show cause and offer a valid reason why attorney Schultz's motion to withdraw (Doc. 116) should not be granted and her pro se motion to reduce sentence (Doc. 102) be denied. Wolitski's letter to the Court, dated December 5, 2011, (Doc. 118) is construed as a response to the order to show cause. Wolitski explains that she is remorseful and has learned a valuable lesson, and she is prepared to be a productive citizen when she is released from prison. Wolitski does not refute that she is not legally eligible for a sentence reduction because of the mandatory minimum sentence. Rather, Wolitski

requests that a reduction under the "Simmons Sentencing Act" be considered. Defendant offers no statutory citation for the "Simmons Sentencing Act," and the Court's research has not revealed any such legislation, or any connection with the Fair Sentencing Act of 2010.

Wolitski is ineligible for a reduction because the retroactive amendment does not have the effect of lowering her Guideline range because of the statutorily mandated minimum sentence. *United States v. Forman,* 553 F.3d 585, 588 (7th Cir. 2009).

IT IS THEREFORE ORDERED that Attorney Schultz's motion to withdraw from this case (Doc. 116) is GRANTED.

IT IS FURTHER ORDERED that, for the reasons given, Defendant Gwendolyn Wolitski's pro se motion to reduce her sentence pursuant to 18 U.S.C. § 3582(c) (Doc. 102) is DENIED.

IT IS SO ORDERED.

DATED: December 15, 2011

s/ *Michael J. Reagan*
MICHAEL J. REAGAN
UNITED STATES DISTRICT JUDGE